# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SEAN RYAN MCQUILLER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:13CV1782 CEJ |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Sean Ryan McQuiller to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Because the motion appears to be time-barred, McQuiller will be ordered to show cause why the motion should not be summarily dismissed.

### Procedural History

On January 18, 2011, McQuiller pled guilty to conspiracy to manufacture in excess of 100 marijuana plants and conspiracy to distribute and possess with intent to distribute in excess of 100 kilograms of marijuana.  On April 21, 2011, the Court sentenced him to an aggregate term of 87 months' imprisonment and four years' supervised release.

After sentencing, the Court ordered the parties to appear for a hearing on May 5, 2011,"if no notice of appeal or no notice signed by the defendant pursuant to Local Rule

12.07(A)(2)" was signed by that date. The purpose of the hearing was to determine whether McQuiller had asked his attorney to file a notice of appeal. On April 28, 2011, movant's counsel, Bobby Bailey, filed a document entitled "Certification of Compliance with Local Rule 12.07(A)." The notice stated, "Counsel for Defendant provides this as written Notice certifying that counsel has explained to Defendant his right to appeal the final judgment in this case, and the defendant has not requested counsel to file a Notice of Appeal, and that the defendant declines to sign a Notice under Local Rule 12.07(A)(2)." McQuiller did not appeal the judgment.

## Motion to Vacate

The instant motion to vacate was received by the Court on September 10, 2013. However, the certificate of service attached to the motion states: "I Sean Ryan McQuiller swear under oath pursuant to the penalty of perjury that this statement is true and a copy of said 28 U.S.C. 2255 motion for post-conviction relief has been mailed to the United States office on this 8th day of October, 2011. United States Attorney Office, 111 S. 10th Street, 20th Floor, St. Louis, MO 63102."

In his motion to vacate, McQuiller asserts claims of ineffective assistance of counsel based on his attorney's failure (1) to file a notice of appeal, (2) to object to the offense level increase based on possession of a firearm, (3) to cross-examine a

government witness at sentencing, (4) to seek a safety valve reduction at sentencing, and (5) to contest the legality of the search warrant.

**Legal Standard**

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a motion to vacate if it plainly appears that the movant is not entitled to relief.  Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations.  Day v. McDonough, 547 U.S. 198, 210 (2006).  However,

before dismissing a habeas action as time-barred, the court must provide notice to the movant. Id.

A criminal judgment that is not appealed becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final a year and fourteen days after the judgment was entered on April 21, 2011. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on about May 4, 2012. Although the certificate of service indicates that the motion was mailed to the U.S. Attorney's office in October 2011, the motion was not received by this Court until September 10, 2013, more than a year after the statute of limitations had run.

Incarcerated individuals who are filing their legal documents pro se often benefit from a special "mailbox rule," which fixes the time of commencement of an action at the point when the complaint (or in this case the motion to vacate) enters the prison mail system rather than when it reaches the district court clerk. See, e.g., Houston v. Lack, 487 U.S. 266 (1988) (applying mailbox rule exception to filing notices of appeal); Fernandez v. Artuz, 402 F.3d 111 (2d Cir. 2005) (for statute of limitations purposes, mailbox rule applies to filing of habeas corpus petitions).

> The prisoner mailbox rule for pro se petitioners filing motions to vacate under § 2255 is governed by Rule 3(d) of the Rules Governing Section 2255Proceedings. A paper filed by an inmate confined in an institution is

> timely if deposited in the institution's internal mailing system on or before the last date for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

It is McQuiller's burden to show his entitlement to the benefit of the prison mailbox rule. Porchia v. Norris, 251 F.3d 1196, 1198 (8th Cir. 2001).

The one-year limitations period may be equitably tolled when a movant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGugliemo, 544 U.S. 408, 418 (2005); Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir.2003); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir.2000). This doctrine, however, gives a habeas petitioner "an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir.2001). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); Kreutzer, 231 F.3d at 463 (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

McQuiller will be required to show cause why this action should not be dismissed as time-barred. To the extent he seeks to show that he is entitled to the benefit of the mailbox rule, he must provide specific evidence of his compliance with Rule 3(d) of the Rules Governing Section 2255 Proceedings. Furthermore, to the extent McQuiller believes he is entitled to the defense of equitable tolling, he must provide facts showing that he has pursued his rights diligently or that extraordinary circumstances prevented him from presenting his claims in a timely fashion.

Accordingly,

**IT IS HEREBY ORDERED** that movant Sean Ryan McQuiller shall have until **December 20, 2013**, to show cause, in writing, why the instant 28 U.S.C. § 2255 motion to vacate should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that failure to comply with this Order will result in dismissal of the motion to vacate without further notice to movant.

Dated this 15th day of November, 2013.

                                                CAROL E. JACKSON  
                                                UNITED STATES DISTRICT JUDGE